# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Appellee, | ) |
| | ) No. 22-2281 |
|     v. | ) |
| JAMAL EDDINGS, | ) |
|     Appellant. | ) |

## JOINT MOTION TO SUMMARILY VACATE DISTRICT COURT'S ORDER OF MARCH 28, 2022 AND REMAND FOR RESENTENCING

AND NOW come Appellee the United States of America, by Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Donovan Cocas, Assistant United States Attorney, with Dustin B. Rawlin, Esq., Seth J. Linnick, Esq., and Zachary C. Maciaszek, Esq., counsel for Appellant Jamal N. Eddings, who file this joint motion to summarily vacate the district court's order of March 28, 2022 and remand for resentencing ("Joint Motion") as follows:

## BACKGROUND

1. In January 2016, a grand jury in the Western District of Pennsylvania indicted Appellant Jamal Eddings, and others, of conspiracy to possess with intent to distribute cocaine between January 2010 until about June 2015, in violation of 21 U.S.C. §846. See PSR ¶¶1, 8-11.[1]

---

[1] Citations to "PSR" refer to the Presentence Investigation Report, which is in Sealed Volume III of the Appendix ("Appx") that *pro bono* counsel filed in support of Mr. Eddings's Opening Brief ("Br.") in this appeal in December 2023.

1

2. In January 2016, Mr. Eddings pleaded not guilty. PSR ¶2. Mr. Eddings remained in custody because, at the time of the charged offense, he had been on parole for a Pennsylvania vehicular homicide conviction dating from 2006. See PSR ¶¶2, 29.[2]

3. In November 2017, Mr. Eddings entered a guilty plea to Count One of the Indictment with the assistance of counsel, Brian D. Aston, Esq. Pursuant to his plea agreement, Mr. Eddings waived his right to take a direct appeal subject to several exceptions, while preserving his right to raise ineffective assistance of counsel in an appropriate forum.

4. For its part, the United States agreed to forego the filing of an information under 21 U.S.C. §851 and stipulated that the drug-quantity for which Mr. Eddings would be responsible was between 100 and 200 grams of cocaine. It also agreed to recommend a two level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. §3El.l(b), to move for an additional one level adjustment.

5. At the change-of-plea hearing, the district court accepted Mr. Eddings's guilty plea and ordered the U.S. Probation Office to prepare a PSR.

---

[2] When Mr. Eddings was arrested for the instant federal offense, the Commonwealth filed a detainer on him pursuant to the Interstate Agreement on Detainers Act, 18 U.S.C. app. §2. See PSR at p.1 and ¶29. Mr. Eddings asked the Commonwealth to remove that detainer and close the case, but the Pennsylvania Department of Corrections denied that request in July 2021. Consequently, once he is released from federal custody on the instant conviction, Mr. Eddings will face a revocation proceeding in Pennsylvania.

6. In the PSR, the U.S. Probation Office determined that Mr. Eddings was a career offender under U.S.S.G. §4B1.1 based on two of his adult convictions: a 2004 federal conviction for Possession with Intent to Distribute Crack Cocaine, and a 2000 Pennsylvania conviction for terroristic threats, unlawful restraint, and conspiracy. PSR ¶¶20, 27, 28. This meant that Mr. Eddings's advisory Guideline range called for a prison term of 151 to 188 months, followed by 3 years of supervised release. PSR ¶¶57, 60.

7. Neither party objected to the Probation Office's calculation of Mr. Eddings's advisory Guideline range, including his career-offender designation. Appx188. Mr. Eddings requested a downward variance from the 151-to-188-month range to "a short period of incarceration, followed by a longer term of supervised release" under the 18 U.S.C. §3553(a) factors, arguing that his prior convictions were driven by his drug addiction. Appx59-62.

8. At sentencing in April 2018, the district court acknowledged the 151-to-188-month Guideline range, without objection. Appx105. The court then imposed a downward variance, sentencing Mr. Eddings to 120 months in prison, to be followed by three years of supervised release. Appx63-70.

9. Judgment was entered on April 25, 2018. Nine days later, on May 4, 2018, Mr. Eddings filed an untimely *pro se* motion for a new trial, which motion the district court apparently construed as a motion to withdraw his guilty plea and denied. See Appx123-24 n.3. Neither party took a direct appeal in this case.

# THE 28 U.S.C. §2255 PROCEEDINGS

10. In March 2019, Mr. Eddings filed a *pro se* Motion to Vacate under 28 U.S.C. §2255 (the "Motion") alleging that Attorney Aston had rendered ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984) by failing to take a number of actions or raise certain substantive arguments at sentencing. See Appx83.

11. Of pertinence to this appeal, Mr. Eddings argued that Attorney Aston rendered ineffective assistance at sentencing by failing to challenge his career-offender designation under U.S.S.G. §4B1.2. See Appx86-90. Mr. Eddings further averred that Aston had disregarded his instruction to file a notice of appeal after sentencing. See Appx92-93.

12. The United States opposed the Motion in November 2019. See Appx114-37.

13. On March 28, 2022, the district court issued its Order denying the Motion. Appx22. In an accompanying Opinion, the court district ruled that Mr. Eddings's claim that he was incorrectly designated as a career offender was not cognizable under 28 U.S.C. §2255 after United States v. Folk, 954 F.3d 597 (3d Cir. 2020), because it is "neither a procedural error that qualifies as 'an omission inconsistent with the rudimentary demands of fair procedure' nor 'a fundamental defect that inherently results in a complete miscarriage of justice.'" See Appx27 (quoting Folk, 954 F.3d at 604).

14. The district court also noted that, even if Folk did not bar Mr. Eddings's claim, his conviction for unlawful restraint "clearly qualified as a crime of violence under the elements clause" of U.S.S.G. §4B1.1, and because his prior federal

cocaine-distribution conviction under 21 U.S.C. §841(a) "unquestionably qualified as a controlled substance offense" under that Guideline. Appx28-29. Because the "instant conspiracy was a plea to a controlled substance offense as that term was defined by United States v. Hightower, 25 F.3d 182 (3d Cir. 1994)," which had been good law when Mr. Eddings was sentenced in April 2018, "he had the two qualifying predicate offenses consisting of either a crime of violence or a controlled substance offense" and thus, was a career offender pursuant to Section 4B1.1. See Appx29.

15. Last, the district court addressed Mr. Eddings's contention that Attorney Aston disregarded instructions to file a notice of appeal. Appx35. The court acknowledged Garza v. Idaho, --- U.S. ----, 139 S. Ct. 738 (2019) and its obligation to conduct a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See Appx36 (quoting 28 U.S.C. §2255(b)). But the court deemed Mr. Eddings's Garza claim conclusory and incredible for a number of reasons. Appx36-40. So the court declined to hold an evidentiary hearing and denied a Certificate of Appealability ("COA"). See Appx41.

16. Mr. Eddings appealed the district court's order denying a COA. In June 2023, a motions panel of this Court, consisting of Judges Greenaway, Matey, and McKee, issued the following order which read, in substance, as follows:

> We issue a [COA], but for two claims only: that counsel rendered ineffective assistance (1) by failing to challenge his career offender designation based on his 2001 Pennsylvania conviction for making terrorist threats, and (2) by failing to file a requested notice of appeal. We conclude that jurists of

5

reason could debate the denial of those claims. See 28 U.S.C. [§]2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Strickland v. Washington, 466 U.S. 668, 687 (1984). In particular, jurists of reason could debate the District Court's conclusion that Appellant's career offender designation was proper because his conviction for unlawful restraint also constituted a crime of violence under the Sentencing Guidelines. See United States v. Brown, 765 F.3d 185, 188 (3d Cir. 2014). Jurists of reason could also debate whether the District Court erred by denying, without holding an evidentiary hearing, Appellant's claim that counsel rendered ineffective assistance by failing to file a requested notice of appeal. See 28 U.S.C. [§]2255(b); Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Garza v. Idaho, 139 S. Ct. 738, 747 (2019).

See 3d Cir. Order of 6/15/23 (cleaned up). The Court also ordered counsel appointed to represent Mr. Eddings in briefing those two issues. Id.

17. *Pro bono* counsel appeared for Mr. Eddings and, on December 26, 2023, filed an Opening Brief on his behalf. Per the Court's directions, that pleading addressed both of Mr. Eddings's Strickland claims. See Br.12-42. The United States's responsive pleading is due February 8, 2023.

## **REMAND IS APPROPRIATE FOR RESENTENCING**

18. After reviewing the Opening Brief, the United States concludes that the Order of March 28, 2022 should be vacated and that a summary remand is appropriate so that the district court can resentence Mr. Eddings without the career-offender enhancement. See PSR ¶22. That solution will obviate the need for the court to decide whether terroristic threats or unlawful restraint convictions are proper career-offender predicates under U.S.S.G. §4B1.1, and

it will moot Mr. Eddings's contention that Attorney Aston rendered ineffective assistance pursuant to <u>Strickland</u> by failing to so argue at sentencing, or to file a notice of appeal.

19. Without the U.S.S.G. §4B1.1 enhancement, Mr. Eddings's total offense level would have been 13, including the three-level reduction for acceptance of responsibility, see PSR ¶¶23-25, and his criminal history score would have been V. <u>See</u> PSR ¶31. Based on those two vectors, the Guidelines would have called for Mr. Eddings to spend 30 to 37 months in prison. <u>See</u> U.S.S.G., Sentencing Table. The advisory Guideline range for Mr. Eddings's term of supervised release would have remained the same, however: at least three years. <u>Compare</u> PSR ¶60 <u>with</u> U.S.S.G. §5G1.2(a)(2).

20. While the district court theoretically could have imposed the same 120-month sentence through an upward variance under 18 U.S.C. §3553, the parties agree that the United States will *not* request a variance at Mr. Eddings's resentencing. Instead, the United States will advocate for a sentence of time-served, while reserving its right to ask the court to reimpose the same 3-year term of supervised release. <u>See</u> PSR ¶¶58-59. Assuming Mr. Eddings is released on time-served, the parties understand that he will begin his term of federal supervised release, whatever it may be, subject to the Pennsylvania detainer discussed at paragraph 2, *supra*.

21. Although the foregoing differs from the stance that the United States took in responding to the Motion in November 2019, this change of position appears to be warranted, for reasons which will be explained for the benefit of this

7

Court in deciding this Joint Motion, and for the district court as it undertakes the narrow task before it on remand.

22. Specifically, while Garza was decided in 2019, there was little decisional law interpreting it when the United States responded to the Motion later that year. But since then, this Court has indicated that a defendant's averment that his attorney disobeyed his instruction to file a notice of appeal is sufficient to warrant an evidentiary hearing, even where the averment "lacks detail about when and how he made his out-of-court requests." See United States v. Valenta, No.20-1673, 2022 WL 265876, at *3 (Jan. 28, 2022).

23. Although not binding, Valenta suggests that Mr. Eddings's Strickland/Garza claim warranted an evidentiary hearing. Without knowing the nature of the evidence the parties would have adduced at a hearing, it is impossible to be sure that the district court still would have concluded that Mr. Eddings never instructed Attorney Aston to file a notice of appeal.[3] If the court did find that such an instruction was conveyed and disobeyed, the remedy would have been to permit Mr. Eddings to take a direct appeal *nunc pro tunc*. See Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001).

24. Had Mr. Eddings been entitled to a *nunc pro tunc* appeal, the proper way for the district court to effectuate that remedy would have been to vacate the judgment and then renter it, thus triggering a new appeal-by date. See, e.g., Washington v. Shinn, 46 F.4th 915, 922 (9th Cir. 2022); see also United States

---

[3] In fairness to Attorney Aston, the United States does not know whether Mr. Eddings actually did instruct him to file a notice of appeal.

8

v. Snitz, 342 F.3d 1154, 1159 (10th Cir. 2003); United States v. Beers, 76 F.3d 204, 205 (8th Cir. 1996). That mechanism would have entitled Mr. Eddings to *de novo* appellate review of any issues he chose to appeal --- not limited to his career-offender designation, since he did not so limit himself below, see Appx77, Appx92 --- under *current* law.

25. If, on the other hand, the district court were to find that Mr. Eddings did not direct Attorney Aston to notice an appeal, his substantive claims still would have been reviewed through the narrower lens applicable to 28 U.S.C. §2255, post-AEDPA. But the court read Folk, another decision that did not exist when the United States filed its response to the Motion, more broadly. Appx27. Folk held that "an incorrect career-offender enhancement under the advisory guidelines is not cognizable under [Section 2255] because it is not a fundamental defect that inherently results in a complete miscarriage of justice." See 954 F.3d at 601. While the court acknowledged that Folk barred Mr. Eddings's claim "at least directly," see Appx28, it did not recognize that, shortly after Folk was decided, another panel of this Court concluded that a defendant *could* challenge his career-offender status under 28 U.S.C. §2255 *indirectly*: i.e., through a Strickland claim. See United States v. Dominguez-Rivera, 810 F. App'x 110, 113 (3d Cir. 2020).

26. Though Dominguez-Rivera did not cite Folk and is not precedential, it dovetails with binding authority which recognizes that a Strickland claim may lie against an attorney who has accepted an erroneously-high Guideline range. See United States v. Sepling, 944 F.3d 138, 151-53 (3d Cir. 2019). It also echoes out-of-circuit authority recognizing that counsel may be ineffective for

9

failing to object to an erroneous career-offender designation. See, e.g., United States v. Cannady, 63 F.4th 259, 263-65 (4th Cir. 2023); see also Elion v. United States, 76 F.4th 620, 635 (7th Cir. 2023); cf. Bullard v. United States, 937 F.3d 654, 661-62 (6th Cir. 2019) (so recognizing but finding no ineffective assistance).

27. Though seemingly minor, the core factual indeterminacy of this case --- i.e., whether Attorney Aston did, or did not, receive and disregard an instruction to file an appeal from Mr. Eddings --- makes it impossible for the United States to offer this Court a meaningful analysis of the merits of Mr. Eddings's substantive legal claims regarding his career-offender eligibility. Under current law, the instant federal drug-conspiracy offense would not be a "controlled substance offense" under U.S.S.G. §§4B1.1(a)(2) and 4B1.2, thus removing Mr. Eddings from the ambit of the career-offender Guideline without the need to determine whether his other predicates so qualified. United States v. Nasir, 17 F.4th 459, 472 (3d Cir. 2021) (en banc). In other words, if sentenced today, Mr. Eddings would not be a career offender.

28. But if the question were whether Mr. Eddings was correctly designated a career offender circa April 2018, at the time of his original sentencing --- and that would be the operative question if the issue were reviewed through the narrow gateway of 28 U.S.C. §2255 and Strickland --- the answer is murkier. The instant offense *was* properly treated as a "controlled substance offense" under U.S.S.G. §4B1.1, because the controlling precedent on this issue was Hightower. And while Mr. Eddings's conviction for unlawful restraint under 18 Pa. C.S. §2902 may or may not be a career-offender predicate under the

analysis in United States v. Amos, 88 F.4th 446, 458 (3d Cir. 2023), the law was not so clear nearly six years ago. That matters because even effective counsel cannot foresee every change in the law, see United States v. Doe, 810 F.3d 132, 154 (3d Cir. 2015), and it may be that Attorney Aston took the conscious decision not to raise this issue after investigating the then-extant state of the law in this quickly-evolving area.

29. While a remand for a hearing on the Strickland/Garza issue would be illuminating, the delay involved in that proceeding would be counterproductive to Mr. Eddings, who is due to complete his 120-month sentence in February 2026, approximately two years from now. See https://www.bop.gov/inmateloc/ (last visited Jan. 23, 2024). So even if this appeal were fully briefed, argued, and decided in Mr. Eddings's favor, a mandate might not issue until late 2024 or early 2025. Even then, the district court might not calendar an evidentiary hearing on the Strickland/Garza issue promptly. Finally, unless the court granted his Motion in its entirety, Mr. Eddings would need to either take a direct appeal *nunc pro tunc*, or an appeal limited to the Strickland claims he has raised here based on the more-robust record. That appeal almost certainly could not be decided in time to give Mr. Eddings meaningful relief before February 2026.

30. Accordingly, the parties agree that the Order dated March 28, 2022 should be vacated and the matter summarily remanded, with instructions to the district court to resentence Mr. Eddings without the career-offender Guideline in U.S.S.G. §4B1.1. The parties ask that this Court grant that relief, and request

11

that it instruct the court to calendar this matter for resentencing within 30 days of the date of the mandate.

31. The parties agree that, at any resentencing, the United States will not ask the district court to vary upward from the advisory Guideline range under 18 U.S.C. §3553(a), but will take the position that Mr. Eddings should be resentenced to time served. The parties also agree that each reserves its right to argue for the reimposition of an appropriate term of supervised release, including the three-year term the court imposed initially.[4] Finally, the parties agree that the legal positions taken in this Joint Motion are driven by the unusual factual circumstances of this case, and shall not bind the United States in any proceeding involving any other defendant.

---

[4] As Mr. Eddings argued at his original sentencing, some of his criminal history may have been driven by his active drug addiction. See Appx60-61, Appx99. That is why the district court recommended that Mr. Eddings be incarcerated at a facility that could admit him to the BOP's 500-Hour Intensive Drug Treatment Program. See Appx64, Appx110. As of the date of this Joint Motion, the United States has not yet determined whether Mr. Eddings completed that program successfully, an important detail because he was under the influence of drugs during one of his very serious prior offenses. PSR ¶29. The United States reserves the right to offer at resentencing any information that it obtains from the BOP on that and any other relevant issue, including Mr. Eddings's prison disciplinary record, as they may inform the court's discretion as to an appropriate term of supervised release.

**WHEREFORE**, and consistent with the foregoing, the United States and Appellant Jamal M. Eddings jointly request that this Court vacate the judgment and remand for resentencing no later than 30 days after the mandate issues.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


/s/Donovan Cocas
DONOVAN COCAS
Assistant United States Attorney

13

# CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the within Motion was filed by ECF and served to *pro bono* counsel of record for Appellant Jamal N. Eddings, who are ECF filers, as follows:

Dustin B. Rawlin, Esq.
Seth J. Linnick, Esq.
Zachary C. Maciaszek, Esq.
Nelson Mullins Riley & Scarborough, LLP
1100 E. Superior Ave., Suite 2000
Cleveland, OH 44144
*Pro Bono Counsel for Appellant Jamal N. Eddings*

                                           /s/Donovan Cocas
                                           DONOVAN COCAS
                                           Assistant United States Attorney

Dated: January 26, 2024